IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No.  18-CR-00192-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JUAN ALEJANDRO MARRUFO-SIERRA,

     Defendant.

_____

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

_____

     This matter is before the court for detention hearing on May 21, 2018.  The court has taken judicial notice of the court's file and the pretrial services report.  Moreover, the court has considered the proffers by the defendant and the government.

     In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

     If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case.  In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file.  Lastly, I have considered the proffers submitted by the

government and defense counsel and the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

Count 1: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) & 846;

Count 48:  21 U.S.C. § 841(a)(1), 841(b)(1)(A)(viii) and 18 U.S.C. § 2; and,

Count 49: 18 U.S.C. § 924(c).

Second, I find that the rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3) and (f) based upon the charges brought in the Indictment.

Third, I find that probable cause exists that defendant committed the above crimes charged in the Indictment.

Fourth, I find that defendant was born in Mexico and is a citizen of Mexico. Defendant is in the United States illegally.  There is a BICE detainer that has been lodged against the defendant. Defendant does not possess a Colorado Driver's License. Defendant has used one alias name in the past. Defendant has suffered one prior failure to appear which resulted in a warrant being issued and that warrant remains active. Defendant's employment status and time in the community are unknown. Defendant has removed from the United States back to Mexico in the past on an expedited basis. Defendant has also suffered an adult conviction for Knowingly and Intentionally Possessing a Quantity of Marijuana (misd).  Defendant has an active case in Arapahoe County Court, Case No. 17-T-5120 wherein he is charged with (1) Driving Without a Driver's License; (2) DUI; (3) Alcohol-Open Container - Drink in Vehicle; (4) Lane Usage Violation; (5) Signaling Violation; and (6) Tail Lamp Violation.  There is an active warrant in this case. Defendant has failed to rebut the rebuttable presumption of detention.  The defendant is not contesting detention.

In light of these facts, I find, by a preponderance of the evidence, that defendant

is a flight risk and that there is no condition or combination of conditions of release that will reasonably assure his presence in court.  Accordingly, I order that the defendant be detained without bond**.**

Done this 21th day of May 2018.


BY THE COURT


<u>S/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge